**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|  |  |  |
|---|---|---|
| **DONATO E. PERIA,** | * | |
| **Plaintiff,** | * | **Case No.: GJH-20-0121** |
| **v.** | * | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Donato E. Peria brought this civil action against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), alleging claims of negligent misrepresentation, breach of contract, falsification of evidence, and violation of due process relating to a random drug test assigned on November 29, 2019. ECF No. 1; ECF No. 6. On September 28, 2020, this Court issued a Memorandum Opinion and Order granting Defendant's Motion to Dismiss. ECF Nos. 24 & 25. Pending before the Court is Plaintiff's Motion to Vacate and/or Reconsider Judgment. ECF No. 26. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion is denied.

**I.    BACKGROUND**[1]

**A.  Factual Background**

The background facts of this action were fully set forth in this Court's previous Memorandum Opinion. ECF No. 24. To summarize as relevant here, on November 29, 2019,

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint, ECF No. 6, or documents attached to and relied upon in the Complaint, and are accepted as true.

Plaintiff, a WMATA employee, was given a random drug and alcohol test form. ECF No. 6 ¶ 6.
Because he arrived late to the testing site—he alleges he was not told that he needed to report
within a certain time frame, *id.* ¶ 8–9, 29—he was placed on 180 days suspension without pay,
*id.* ¶ 44.[2]

       In Defendant's Motion to Dismiss, Defendant alleged, and Plaintiff did not contest, that,
as an AA Electrical Mechanic employed by WMATA, Plaintiff is a member of Local Union 689.
ECF No. 5-2 at 1.[3] At the time of the November 29, 2019 incident, a collective bargaining
agreement was in effect between Local Union 689 and WMATA (the "CBA"). *Id.* The CBA
provides for an exclusive dispute resolution process by defining grievance and arbitration
provisions. *Id.* at 2, 15–16. The process consists of five steps, the first of which involves
attempting to settle the matter with the employee's immediate superior and, if unable to do so,
filing an official written grievance form with the superior and with the Union. ECF No. 5-2 at 15.
Steps 2 through 4 allow for the Union to act on the employee's behalf to resolve the dispute, but
if the Union remains unsatisfied, Step 5 provides that the Union may then invoke arbitration in
accordance with Section 105 of the CBA. *Id.* at 15–16. Section 105 of the CBA states in relevant
part:

> Properly accredited representatives of the Authority shall meet and treat with properly
> accredited representatives of the Union, on all questions and grievances in accordance
> with Section 104. Questions or grievances that cannot be amicably adjusted by said
> conferences shall be submitted to a Board of Arbitration . . . the findings of a majority of
> said Board of Arbitration [are] final and binding.

ECF No. 5-2 at 17–18.

---

[2] According to Plaintiff's Opposition, the suspension was later reduced to two months. ECF No. 17-1 at 1 n.1.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by
that system.

WMATA is a transit authority created by interstate compact among the District of Columbia, Maryland, and Virginia, which was approved by Congress. In Maryland, this compact ("WMATA Compact") is codified as Md. Code. Ann. Transp. § 10-204. Section 66(c) of the WMATA Compact requires all labor disputes to be submitted to the grievance process and, if not resolved, submitted to arbitration. Md. Code Ann. Transp. § 10-204(66)(c). Defendant alleged, and Plaintiff does not dispute, that neither Plaintiff nor the Union have filed any grievance or initiated arbitration related to the November 29, 2019, drug and alcohol test described in Plaintiff's Complaint. ECF No. 5-2 at 3; *see also* ECF No. 17-2 at 7–8.

## B. Procedural Background

Plaintiff filed a Complaint in the Circuit Court of Maryland for Prince George's County on December 9, 2019, alleging eight counts of breach of contract. ECF No. 6. Plaintiff reframes certain claims in his Opposition. *See* ECF No. 17-2 at 12–25. Liberally construing Plaintiff's claims, the Court understands Plaintiff has made allegations of negligent misrepresentation, breach of contract, falsification of evidence, and violation of due process. *See id.* Defendant removed the case to this Court on January 15, 2020, ECF No. 1, asserting this is a civil action over which this Court has original jurisdiction, pursuant to the WMATA Compact, *see* Md. Code. Ann. Transp. §10-204(81) (granting original jurisdiction over suits against WMATA to the United States District Courts). Defendant further moved to dismiss the Complaint for lack of subject-matter jurisdiction. ECF No. 5. The Court granted Defendant's Motion to Dismiss on September 28, 2020, finding Plaintiff had failed to exhaust the grievance procedures outlined in the WMATA Compact, and directed the clerk to close the case. ECF Nos. 24 & 25.

On October 21, 2020, Plaintiff filed a Motion to Vacate and/or Reconsider Judgment.
ECF No. 26. Defendant filed an opposition to Plaintiff's Motion on October 26, 2020. ECF No.
27. Plaintiff filed a reply on November 16, 2020. ECF No. 28.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to
file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking
relief from the judgment pursuant to Rule 60(b). Plaintiff does not clearly indicate under which
rule the instant Motion is filed. Although the Court may have otherwise understood the Motion
to have been filed under Rule 59(e) because Plaintiff filed the Motion just three weeks after the
Court issued its judgment, *see MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir.
2008) (finding that "if a post-judgment motion is filed within [the time period prescribed by Rule
59(e)] and calls into question the correctness of that judgment it should be treated as a motion
under Rule 59(e), however it may be formally styled" (quoting *Dove v. CODESCO*, 569 F.2d
807, 809 (4th Cir. 1978)); *see also Cohen v. Rosenstein*, 804 F. App'x 194, 196 (4th Cir. 2020)
(per curium) (unpublished) (construing post-judgment motion as a Rule 59(e) motion where it
was filed within 28 days of the entry of judgment), Plaintiff references Rule 60(b) in his reply,
*see* ECF No. 28 at 2; *cf. MLC Auto., LLC*, 532 F.3d at 278 (noting that the panel believed the
time-based "approach is no longer appropriate" and recognizing that other circuits look to the
motion's substance and reasoning rather than its timing). The Court will therefore analyze
Plaintiff's Motion under both standards.

Rule 59(e) provides that a party may file a motion to alter or amend a judgment no later
than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The United States Court of
Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended

under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *see also Kelly v. Simpson*, No. CV RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations on Rule 59(e) motions are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the [C]ourt—not to mention its patience." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)). Granting a motion for reconsideration "is an extraordinary remedy, which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting Wright et al., *Federal Practice and Procedure* § 2810.1, at 124).

By contrast, Rule 60(b) provides that a court may relieve a party from an adverse judgment if the party shows that the motion is timely, that it has a meritorious defense to the action, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied. *Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986). Those six grounds include:

5

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no longer
equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Only the first, second, and sixth grounds appear relevant to Plaintiff's

Motion.

Although the language of Rule 60(b)(6) "is facially broad, 'its context requires that it

may be invoked in only extraordinary circumstances.'" *Tyler v. AMTRAK*, Case No. PJM-15-

1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496,

500 (4th Cir. 2011)). The Fourth Circuit has noted that a narrow construction of Rule 60(b)(6) is

"essential if the finality of judgments is to be preserved." *Aikens*, 652 F.3d at 501 (quoting

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J.,

dissenting)). Additionally, a "Rule 60(b) motion does not substitute for a timely appeal." *Miskell*

*v. Rohrer*, Case No. WDQ-12-0742, 2013 WL 6622923, at *1 (D. Md. Dec. 13, 2013). Where

the moving party could have addressed the issue on appeal, he has not demonstrated

"extraordinary circumstances." *Id.*

## III.   DISCUSSION

Plaintiff argues that the Court should reconsider the September 28, 2020 Memorandum

Opinion and Order on two grounds. First, Plaintiff argues that the Court erred in failing to note

WMATA's claim that Plaintiff was late for his random drug and alcohol test was "baseless."

ECF No. 26 at 2. In the Memorandum Opinion, the Court found Plaintiff failed to state a claim,

as he had not exhausted available grievance procedures before filing suit. ECF No. 24 at 9–11.

The Court therefore did not reach Plaintiff's allegations that Defendant's basis for suspending him—his delay in appearing for the drug and alcohol test—was fraudulent and meritless. That the Court did not delve into the substance of Plaintiff's claims after concluding those claims could not proceed due to Plaintiff's failure to exhaust does not constitute a mistake under Rule 60(b) and does not require amendment to "correct a clear error of law or prevent manifest injustice" under Rule 59(e).

Next, Plaintiff contests the Court's conclusion that, because he had not attempted to engage in the grievance process, he failed to meet the futility exception to the exhaustion requirement. *See* ECF No. 24 at 9–11. Plaintiff's argument here contains two parts. First, he argues that the Court misunderstood the CBA's grievance process, pointing to an apparent discrepancy between the Court's assertion that "[t]he process consists of five steps, the first of which is filing a written grievance form with the employee's immediate superior and with the Union," ECF No. 24 at 2, and the agreement's language: "[a]ny employee who has a grievance shall . . . discuss the matter with the employee's immediate superior in an attempt to settle the matter satisfactorily," ECF No. 26 at 3. Second, proceeding with the understanding that Plaintiff only had to discuss the problem with his superior in order to have attempted to exhaust the grievance process, Plaintiff points to several emails and conversations with superiors in November and December 2019 about the suspension. *Id.* at 4–5. Taking these assertions together, Plaintiff appears to argue that he should be found to have met the futility exception to the exhaustion requirement because he attempted to exhaust the grievance procedures through those discussions with his superiors, in compliance with Step 1 of the process, but his attempts at exhaustion were thwarted by Defendant. *See id.* at 4. This argument contains several problems.

7

First, Plaintiff concedes that the facts concerning emails and conversations between Plaintiff and his superiors following the November 29, 2019 incident were available prior to filing the Complaint. ECF No. 28 at 3 n.3. Indeed, Plaintiff referenced correspondence with WMATA managers in the Opposition to Defendant's Motion to Dismiss, *see* ECF No. 17-2 at 13, and several of the emails attached to Plaintiff's Motion to Vacate and/or Reconsider Judgment were also included with Plaintiff's Opposition. *Compare, e.g.*, ECF No. 26-1 at 13–14 *with* ECF No. 17-12; ECF No. 26-1 at 15–16 *with* ECF No. 17-14. While Plaintiff appears to argue this evidence is newly *relevant*, rather than newly available, *see* ECF No. 28 at 3 n.3, that is not the standard outlined in Rule 59(e) or Rule 60(b)(2).[4]

Second, Plaintiff himself fails to include the complete text of Step 1. The section states in full:

> Any employee who has a grievance shall (together with the Union representative if the employee so desires) discuss the matter with the employee's immediate superior in an attempt to settle the matter satisfactorily. *If the matter has not been settled within five (5) working days of the management action which gave rise to the grievance, the employee may, within ten (10) working days thereafter, file an official written grievance form*, a copy of which shall be filed with the employee's immediate superior and another copy shall be filed with the Union through the employee's shop steward (or other officially designated representative).

ECF No. 5-2 at 15–16 (emphasis added). Thus, the Court did not misapprehend the CBA or err in its characterization of the first step; the Court understood that Step 1 of the grievance process requires employees to file a written grievance form if an employee's attempts to resolve the issue with superiors are unproductive. Plaintiff did not do so. Instead, he immediately turned to litigation, filing suit in the Circuit Court for Prince George's County, Maryland just 10 days after the incident. *See* ECF No. 1. As in *Fizer v. Safeway Stores, Inc.*, Plaintiff "never gave the system

---

[4] Additionally, to the extent Plaintiff argues these facts and documents show his attempts to exhaust the grievance process, they are not newly relevant to his Motion to Vacate and/or Reconsider Judgment.

a chance to work," and thus did not sufficiently allege that engagement in the grievance process would have been futile. 586 F.2d 182, 184 (10th Cir. 1978); *see also Makar v. Health Care Corp. of Mid-Atl. (CareFirst)*, 872 F.2d 80, 83 (4th Cir. 1989).

Plaintiff has not shown that the Court made a mistake or clear error in its judgment requiring reconsideration under Rule 60(b) or Rule 59(e). Nor has he brought forward newly available evidence. He merely seeks to relitigate issues already decided based on facts and documents that were already presented to the Court. Although Plaintiff would have preferred a different outcome, "mere disagreement" with the Court's ruling is insufficient to support a Rule 59(e) or Rule 60(b) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate and/or Reconsider Judgment is denied. A separate Order follows.

Dated: <u>May 12, 2021</u>                                                  _____/s/_____

                                                                                          GEORGE J. HAZEL
                                                                                          United States District Judge